McKiNNEY, J.,
delivered tbe opinion of tbe Court.
This suit was commenced before a Justice. On the trial, tbe defendant, Gilbert, set up a cross-demand, exceeding tbe amount of plaintiff's claim; and tbe Justice rendered judgment in favor of tbe defendant for the excess, being '130.53.
This judgment ivas rendered on tbe 15th day of January, 1859; and on tbe 19th day of the same month — -four days after the judgment — tbe plaintiff, Driver, obtained an appeal to the Circuit Court.
In tbe Circuit Court, at tbe first term, a motion was made by defendant, to dismiss tbe appeal, which was overruled: *464 And on the trial, the plaintiff recovered judgment for $43.46 and costs of suit. Brom which the defendant, Gilbert, prosecuted an appeal in error to this Court.
The judgment must be reversed. By sec. 3140 of the Code, two entire days (exclusive of Sunday,) after judgment, are allowed for an appeal from a Justice’s judgment. After the expiration of the two days, the Justice has no jurisdiction to grant an appeal. If the appeal were prayed and granted, within the time limited, whether the Justice might not receive a bond for the prosecution of the appeal, afterwards, is a question not now presented; admitting that this might be done, it does not help the case of- the defendant in error.
The judgment will be reversed, the appeal to the Circuit Court dismissed, and judgment will be rendered here in affirmance of the Justice’s judgment, according to secs. 3145, 3167 of the Code. But, as the Justice’s judgment in favor of the defendant was rendered upon an open account, he is only entitled, upon its affirmance, to interest at the rate of six per cent, per annum. Code, secs. 3162, 3163.
Judgment accordingly.